UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD RENE GARRETT,

    Plaintiff,

v.

Case Number 18-13893
Honorable David M. Lawson

THE MICHIGAN DEPARTMENT OF
CORRECTIONS, HEIDI WASHINGTON,
RICHARD D. RUSSELL,
WARDEN CHRISTIANSEN, T. THELEN,
J. HATTON, and J. PARSONS,

    Defendants.

_____/

## OPINION AND ORDER DISMISSING COMPLAINT

On December 14, 2018, plaintiff Ronald Rene Garrett, a state prisoner at the Saginaw Correctional Facility in Freeland, Michigan, filed a *pro se* civil rights complaint under 42 U.S.C. §1983 and an application to proceed without prepaying the fees and costs for this action. The defendants named in the caption to the complaint are the Michigan Department of Corrections (MDOC) and several employees of the MDOC. Heidi Washington is the Director of MDOC; Richard D. Russell is the manager of the grievance section in the Office of Legal Affairs for MDOC; Warden Christiansen and T. Thelen are grievance coordinators at Step II of the prison grievance program at Central Michigan Correctional Facility in St. Louis, Michigan; and J. Hatton and J. Parsons are grievance coordinators at Step I of the grievance program. In the body of the complaint, Garrett named as defendants assistant deputy director R. Myers, assistant deputy warden Makara, and resident unit manager Scott.

In his complaint and attached exhibits, the plaintiff alleges that some of the defendants failed adequately to address Garrett's administrative grievances and subsequently restricted his ability to file grievances. However, the MDOC is immune from suit under the Eleventh

Amendment, and neither denying a prisoner's grievances, nor placing a prisoner on modified grievance access, violate the Constitution. Therefore, the Court will dismiss the complaint.

I.

The complaint and attached exhibits recite that in 2018 while Garrett was incarcerated at the Central Michigan Correctional Facility, defendants Hatton and Parsons rejected several of his administrative grievances at Step I of the grievance process. The reasons given were that the grievances were vague or illegible, they contained extraneous material, or they failed to cite a violation of policy. Garrett asserts that the repetitious language used in the notices rejecting his grievances shows that the defendants were not doing their job and that they were discriminating against him. He also contends that Hatton and Parsons violated his rights to due process and to be free from cruel and unusual punishment.

Garrett alleges that, at Step II of the grievance process, defendants Christiansen and Thelen also failed to do their job effectively and demonstrated that they were not concerned about his problem or his rights. According to Garrett, even on appeal of a grievance to defendant Russell at Step III of the grievance process, nothing was done to solve the problem, and a prisoner's rights were violated. Garrett blames defendant Washington for not demonstrating that she disagrees with the way grievance coordinators perform their jobs.

Garrett further alleges that, on November 19, 2018, defendant Hatton restricted his right to use prison grievance procedures for ninety days in violation of his First Amendment right to freedom of speech and his Eighth Amendment right not to be subjected to cruel and unusual punishment. Garrett seeks money damages, a declaratory judgment that the acts and omissions described in his complaint violated his constitutional rights, and an injunction ordering the

defendants to stop relying on Paragraph G of MDOC Policy Directive 03.02.130, which lists reasons why a prisoner's grievance may be rejected.

II.

When a plaintiff has asked the Court to waive fees and costs because he cannot afford to pay them, the Court has an obligation to screen the case for merit and dismiss the case if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In addition, Congress mandated in the Prison Litigation Reform Act (PLRA) that district courts screen for colorable merit every prisoner complaint filed against a state or governmental entity. 28 U.S.C. § 1915A(a) ("The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.").

A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "A complaint lacks an arguable basis in law or fact if it . . . is based on legal theories that are indisputably meritless." *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000) (citing *Neitzke*, 490 U.S. at 327-28). Dismissal on the Court's initiative is appropriate if the complaint lacks an arguable basis when filed. *Goodell v. Anthony*, 157 F. Supp. 2d 796, 799 (E.D. Mich. 2001).

Although a *pro se* litigant's complaint must be construed liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), "[t]he leniency granted to pro se [litigants] . . . is not boundless." *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). The screening mandated by Congress in section 1915(e)(2) includes the obligation to dismiss civil complaints filed by prospective *pro se* filers if they "fail[] to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii);

*McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

To avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "To state a claim under 42 U.S.C. § 1983, a plaintiff must set forth facts that, when construed favorably, establish (1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law." *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Sigley v. City of Parma Heights*, 437 F.3d 527, 533 (6th Cir. 2006)).

A.

Garrett has not stated a plausible claim against MDOC because the Eleventh Amendment bars suits against a state and its departments unless the state has consented to suit. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). "The state of Michigan . . . has not consented to being sued in civil rights actions in the federal courts," *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004), and "Congress did not intend to abrogate the states' Eleventh Amendment immunity by passing section 1983," *Thiokol Corp. v. Dep't of Treasury*, 987 F.2d 376, 383 (6th Cir. 1993) (citing *Quern v. Jordan*, 440 U.S. 332 (1979)). Moreover, "Eleventh Amendment immunity 'bars all suits, whether for injunctive, declaratory or monetary relief, against the state and its departments, by citizens of another state, foreigners or its own citizens.'" *McCormick v. Miami Univ.*, 693 F.3d 654, 661 (6th Cir. 2012) (quoting *Thiokol Corp.*, 987 F.2d at 381. The MDOC therefore is immune from suit.

B.

Garrett's allegations against defendants Washington, Myers, Makara, and Scott are frivolous and fail to state a plausible claim because Garrett has not shown that those defendants were personally involved in handling his grievances. Conclusory allegations of unconstitutional conduct, without specific factual support, do not state a plausible claim for relief under section 1983. *Twombly*, 550 U.S. at 555. Some factual basis for allegations of unconstitutional conduct by persons acting under color of state law must be set forth in the complaint, *Chapman v. Detroit*, 808 F.2d 459, 465 (6th Cir. 1986), and nothing in Garrett's statement of facts or exhibits indicates what Myers, Makara or Scott did to violate Garrett's constitutional rights.

Garrett alleges that Washington has not shown that she disagrees with the grievance coordinators' performance of their jobs and that she, like the other defendants, shirks her responsibility for handling prisoners' grievances. However, a prison supervisory official's failure to intervene or failure to act does not subject the official to liability under section 1983. *Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008); *see also Shehee v. Luttrell*, 199 F.3d 295, 800 (6th Cir. 1999) (noting that "liability under § 1983 must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act'") (quoting *Salehpour v. University of Tennessee*, 159 F.3d 199, 206 (6th Cir. 1998)).

Garrett's attempt to hold Washington, Myers, Makara, and Scott liable on a *respondeat superior* theory of liability fails because vicarious liability does not apply to section 1983 suits. *Iqbal*, 556 U.S. at 676. Civil rights plaintiffs must allege the personal conduct of each government-official defendant that the plaintiff believes violated the Constitution. *Ibid.*; *accord Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002) (noting that the "damage claims against governmental officials alleged to arise from violations of constitutional rights

cannot be founded upon conclusory, vague or general allegations, but must instead, allege facts that show the existence of the asserted constitutional rights violation recited in the complaint and what *each* defendant did to violate the asserted right") (emphasis in original); *Ridgeway v. Kentucky*, 510 F. App'x 412, 413 (6th Cir. 2013) (stating that a plaintiff must "provide detail as to how each defendant allegedly violated his constitutional rights").

C.

Garrett has sued defendants Russell, Christiansen, Thelen, Hatton, and Parsons contending that they rejected his grievances, using repetitious and standard language. However, "[t]he mere denial of a prisoner's grievance states no claim of constitutional dimension." *Alder v. Corr. Med. Servs.*, 73 F. App'x 839, 841 (6th Cir. 2003). None of Garrett's allegations against these defendants allow the Court to infer that they are liable for the misconduct alleged. Therefore, Garrett's allegations against Russell, Christiansen, Thelen, Hatton, and Parsons fail.

D.

Garrett's constitutional claims fail for additional reasons. The contention that Garrett was denied his right to due process lacks merit because "there is no inherent constitutional right to an effective prison grievance procedure," *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003), and "an expectation of receiving process is not, without more, a liberty interest protected by the Due Process Clause," *Olim v. Wakinekona,* 461 U.S. 238, 250 n.12 (1983).

Further, the MDOC's modified access to the prison grievance process merely "entails seeking approval before a grievance may be filed." *Davis v. Martin*, 52 F. App'x 717, 718 (6th Cir. 2002); *see also* MDOC Policy Directive 03.02.130 (July 9, 2007), p. 6, ¶ KK ("While on modified access, the prisoner or parolee shall be able to obtain grievance forms only through the Step I Grievance Coordinator. A grievance form shall be provided if the Step I Grievance

Coordinator determines that the issue the prisoner or parolee wishes to grieve is grievable and otherwise meets the criteria outlined in this policy."). The process "does not deny a Michigan prisoner the right or ability to seek redress for meritorious grievances." *Kennedy v. Tallio*, 20 F. App'x 469, 470 (6th Cir. 2001). As such, Garrett's claim that his placement on modified grievance access violates his First Amendment right to freedom of speech is without merit.

E.

Garrett's Eighth Amendment claim also is frivolous. Although "the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment," *Helling v. McKinney,* 509 U.S. 25, 31 (1993), a prison official violates the Eighth Amendment only when (1) the deprivation alleged is sufficiently serious and (2) the prison official has a sufficiently culpable state of mind, *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The Amendment requires prison officials to "ensure that inmates receive adequate food, clothing, shelter, and medical care, and . . . 'take reasonable measures to guarantee the safety of the inmates.'" *Id*. at 832 (quoting *Hudson v. Palmer,* 468 U.S. 517, 526–527 (1984)). A prison official has a sufficiently culpable state of mind if he or she is deliberately indifferent to an inmate's health or safety. *Id*. at 834.

The mere rejection of Garrett's grievances, without more, does not amount to a sufficiently serious condition of confinement because the rejection notices do not deprive Garrett of adequate food, clothing, shelter, medical care, or safety. Nor is modified access to the prison's grievance procedures sufficiently serious as the restriction does not preclude a prisoner from filing proper grievances. Garrett also has not shown that the defendants had a sufficiently culpable state of mind. His Eighth Amendment claim, therefore, fails.

III.

Garrett's claims seeking declaratory, injunctive, and monetary relief for alleged violations of his institutional and constitutional rights lack an arguable basis in law and fail to state a plausible claim for which relief may be granted.

Accordingly, it is **ORDERED** that the complaint is summarily **DISMISSED WITH PREJUDICE** under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

It is further **ORDERED** that an appeal from this decision could not be taken in good faith. 28 U.S.C. §1915(a)(3).

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Date:   February 15, 2019

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 15, 2019.

s/Susan K. Pinkowski
SUSAN K. PINKOWSKI
